IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **MARK RYLAND DOWDY,** ) | Civil Action No. 7:12-cv-00041 | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | **MEMORANDUM OPINION** | |
| ) | | |
| **LOUISA COUNTY, et al.,** ) | By: Hon. Michael F. Urbanski | |
| Defendants. ) | United States District Judge | |

Mark Ryland Dowdy, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names Louisa County and various agents of the Commonwealth of Virginia, Louisa County, and a Sherriff's Office as defendants. Plaintiff argues, inter alia, that defendants maliciously prosecuted him because criminal charges against him were nol prossed on February 4, 2010. Plaintiff signed the Complaint on January 19, 2012, and the Clerk received the Complaint and $350 filing fee on January 30, 2012. The envelope bearing the Complaint did not come from plaintiff at his correctional facility but instead came from a relative at liberty.

By Order dated June 19, 2012, the court ordered plaintiff to explain why the Complaint had not yet been served on defendants. Plaintiff responded, alleging that the June 19, 2012, Order was the first indication he received that the Clerk docketed the Complaint in January 2012. Plaintiff says he never received a receipt for the $350 payment, but he acknowledges that his family spoke at an unspecified time with the Clerk's staff, who confirmed that the Complaint was docketed. Plaintiff complains that service forms were not mailed to him, although nothing in the record suggests plaintiff requested them. Plaintiff asks the court to send him service forms and grant an extension of time to complete service.

"If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id. Good cause requires a plaintiff's good faith effort to effectuate service and a reasonable justification for not completing service within time limits. Selman v. Am. Sports Underwriters, Inc., 697 F. Supp. 225, 235 (W.D. Va. 1988).

None of the defendants have been served within 120 days of when the Complaint was filed, and plaintiff fails to establish good cause to warrant an extension of time. Plaintiff faults the Clerk for not sending summons forms and not confirming receipt of the Complaint. However, Rule 4 requires the plaintiff to "present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant." Fed. R. Civ. P. 4(b). "The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m). . . ." Fed. R. Civ. P. 4(c)(1). Plaintiff did not request a form summons, any assistance by the Clerk to complete and sign a summons does not release plaintiff from his burden to prosecute this action, and the Clerk is not obligated to independently confirm receipt of the Complaint. Cf. Fed. R. Civ. P. 77(d) (requiring Clerk to notify parties of docketing an order or judgment).

Plaintiff had an agent file the Complaint, and he acknowledges that his family confirmed that the Complaint was docketed. Plaintiff apparently did not confirm with the agent, his family, or the court that the Complaint was docketed, and he never presented a completed summons for the Clerk's signature. See, e.g., Johnson v. United States, 544 U.S. 295, 311 (2005) ("[W]e have never accepted pro se representation alone or procedural ignorance as an excuse for prolonged

inattention when a statute's clear policy calls for promptness. . . ."); McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Ballard v. Carlson, 882 F.2d 93, 95-96 (4th Cir. 1989) (finding that pro se litigants are responsible for their failures to litigate). Plaintiff did not know that the Complaint was docketed in January 2012 only because of his lack of due diligence.

Plaintiff is solely responsible for prosecuting this action, the court notified plaintiff of his failure to serve the Complaint, and plaintiff fails to establish good cause to warrant more time to accomplish service. Accordingly, the court dismisses this action without prejudice for plaintiff's failure to comply with Rule 4.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

Entered: June 29, 2012

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge